# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JOHN PETREIKIS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:16-CV-394-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 3], filed by Plaintiff John Petreikis on September 19, 2016, and Plaintiff's Brief in Support of His Motion to Reverse the Decision of the Commissioner of Social Security [DE 15], filed on February 21, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On May 30, 2017, the Commissioner filed a response, and on June 23, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.  Background**

On November 19, 2010, Plaintiff filed an application for benefits alleging that he became disabled on May 12, 2010. On September 24, 2014, Administrative Law Judge ("ALJ") Studzinski issued a decision finding that Plaintiff was not disabled, and Plaintiff appealed the decision. On January 6, 2015, an opinion and order was issued by Magistrate Judge Paul R. Cherry reversing and remanding the ALJ's decision, and the Appeals Council remanded the matter to the ALJ. On April 7, 2015, ALJ Edward P. Studzinski held a hearing at which Plaintiff, with an attorney representative, Plaintiff's girlfriend, and a vocational expert ("VE") testified. On July 8, 2016, the ALJ issued a second decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since May 12, 2010, the alleged onset date.

3. The claimant has severe impairments: degenerative disc disease of the lumbar and cervical spine.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity ("RFC") to lift and/or carry up to 10 pounds occasionally and lighter weights frequently, and has no limitations in the total amount of time he is able to sit throughout an eight hour workday. The claimant can stand and/or walk for a total of two out of eight hours. The claimant needs to alternate his position between sitting, standing, and walking for no more than five minutes of every hour. While doing so, he would not need to be off task. He should be allowed to use a cane at all times while walking and when standing or longer than five minutes. The claimant can occasionally climb ramps and stairs; can occasionally stoop, kneel, balance, crouch, and crawl but can never climb ladders, ropes, or scaffolds. The claimant can reach overhead occasionally. He would not be required to walk on wet or slippery surfaces. The claimant is limited to working in nonhazardous environments, i.e., no driving at work, operating moving machinery, working around unprotected heights or around exposed flames, or unguarded bodies of water. He cannot have concentrated exposure to unguarded hazardous machinery. The claimant is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because the claimant's

> past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 12, 2010, through the date of the decision.

The Appeals Councils did not take jurisdiction of the claim, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.     Standard or Review**

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for

that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review*." Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in the weight given to physician opinions, erred in his analysis of Plaintiff's girlfriend's testimony, and failed to follow the instructions from the prior court opinion. The Commissioner argues that substantial evidence supports the ALJ's decision.

Plaintiff argues that the ALJ failed to follow the clear directives of the previous opinion and order remanding his case. The law of the case doctrine, applicable to judicial review of administrative decisions, requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *see also Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991).

In this case, the previous opinion and order instructed the ALJ to rectify a number of errors, including misreading the record to find inconsistencies with Plaintiff's testimony where there were none, failure to adequately evaluate and explain the weight given to the opinions of Plaintiff's medical providers in accordance with the applicable regulations. The ALJ was specifically instructed that "discussion of Plaintiff's activities of daily living should also include discussion of the limitations on those activities. The ALJ should also discuss Plaintiff's work history in crafting the credibility assessment. Finally, the ALJ should discuss whether more aggressive treatment (especially epidural injections) would in fact be helpful to Plaintiff's condition and whether low-cost treatment options aside from narcotics in fact existed." In addition, the Agency was directed to procure new reviews of the medical record by its reviewing physicians in order to address the most recent medical evidence.

The ALJ's decision does not comply with these directives. The ALJ addressed Plaintiff's

testimony about his daily activities, including the fact that his girlfriend helps him with chores and dressing, but he did not analyze Plaintiff's daily activities in any detail and did not address limitations to his activities or any modifications that help him to complete tasks. The ALJ also did not explain how he incorporated any of these limitations or modifications into the RFC. Likewise, the ALJ did not include any analysis of how Plaintiff's extensive work history or inability to continue working affect his credibility. *See Suess v. Colvin*, 945 F. Supp. 2d 920, 931 (N.D. Ill. 2013) ("A long employment history is not a proper basis to find a claimant lacks credibility. To the contrary, a lengthy work history supports a claimant's credibility.") (citing *Aidinovski v. Apfel*, 27 F. Supp. 2d 1097, 1104 (N.D. Ill.1998)).

The previous Opinion and Order required the ALJ to "discuss whether more aggressive treatment (especially epidural injections) would in fact be helpful to Plaintiff's condition and whether low-cost treatment options aside from narcotics in fact existed." Beyond mentioning that Plaintiff refused epidural injections, the ALJ failed to determine the likelihood of success of these injections or their cost and failed to ask Plaintiff why he chose not to undergo the injections. This is particularly concerning since at the hearing, Plaintiff's attorney pointed out to the ALJ treating physician notes in the record stating that "it is unlikely conservative treatment even epidural injections will be able to provide him with significant relief." AR 449.

Plaintiff argues that the ALJ again failed to follow the applicable regulations in considering the weight given to Plaintiff's treating sources. "A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir.

6

2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."). If an ALJ fails to give controlling weight to a treating physician, he is required to analyze the following factors to describe what weight to give it: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[W]henever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision.").

As previously ordered, the Court again reminds the ALJ that "[o]n remand, the ALJ should state, explicitly, how each of the factors relates to his evaluation of each treating source." Similarly, the ALJ is directed to comply with the requirement to address the weight given to the statements of Plaintiff's girlfriend and to consider how they supported or were inconsistent with other evidence in the record. SSR 06-03P, 2006 WL 2329939, *4 (Aug. 9, 2006) (requiring the ALJ to address factors such as: "How long the source has known and how frequently the source has seen the individual; How consistent the opinion is with other evidence; The degree to which the source

7

presents relevant evidence to support an opinion; How well the source explains the opinion; [and] Whether the source has a specialty or area of expertise related to the individual's impairment(s)"); *see also* 20 C.F.R. § 404.1545(a)(3).

In short, the ALJ failed "to conform its further proceedings in the case to the principles set forth in the judicial decision," with no reason as to why departure was appropriate. *Wilder*, 153 F.3d at 804. The errors from the previous decision have not been corrected, and the Court remains unable to trace the ALJ's logic from the medical evidence to his conclusions about Plaintiff's RFC. On remand, the ALJ is again directed to obtain a review of Plaintiff's recent medical records, to adequately evaluate and explain the weight given to the opinions of Plaintiff's medical providers and other testimony in the record in accordance with the applicable regulations, to address the limitations on Plaintiff's daily activities, discuss Plaintiff's work history in determining the credibility of his testimony, and to discuss whether more aggressive treatment (especially epidural injections) would in fact be helpful to Plaintiff's condition and whether low-cost treatment options aside from narcotics in fact existed, including addressing Plaintiff's reasons for not seeking that treatment.

Plaintiff request that the Court reverse the decision of the ALJ and remand this case for an award of benefits. However, an award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe*, 425 F.3d at 356)). Although there are numerous errors in the ALJ's decision, the factual issues have not been resolved, so remand, rather than an award of benefits, is required. Given the repeated errors in the ALJ's decision, however, the Court suggests that Plaintiff's case be assigned to a different ALJ. *See Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996)

(recognizing that the Court does not have power "to order that a case decided by an administrative agency be sent back . . . to a different administrative law judge" but "urg[ing]it to transfer the case to a different administrative law judge" where "[t]he tone of the administrative law judge's opinion suggests that she may have an unshakable commitment to the denial of this applicant's claim").

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of His Motion to Reverse the Decision of the Commissioner of Social Security [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 12th day of February, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record